UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-7604 ABC (JCGx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | Patricia Alejandro v. Quality Loan Service Corp et al | | JS - 6 |

| Present: The Honorable | Audrey B. Collins, United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      ORDER GRANTING MOTION TO DISMISS    (In Chambers)

   Pending before the Court is Defendant Quality Loan Services Corporation's Motion to Dismiss ("Motion," docket no. 9).  Plaintiff Patricia Alejandro ("Plaintiff") filed an Opposition and Defendant filed a Reply.  The Court finds the Motions appropriate for resolution without oral argument and therefore **VACATES** the hearing set for February 10, 2014.  See Fed. R. Civ. P. 78, Local Rule 7-15.  For the following reason, the Court **GRANTS** the Motion.

## I.  BACKGROUND

   This case arises out of the foreclosure of Plaintiff's home.  The only defendant remaining in the case is Quality Loan Service Corp. ("QLS").  QLS is the trustee under a deed of trust; QLS foreclosed on that deed of trust after Plaintiff failed to make payments as required by the promissory note and deed of trust.  Plaintiff pled nine of her ten causes of action against QLS; QLS moves to dismiss on several bases.

## II.  LEGAL STANDARD

   Fed. R. Civ. P. 8(a)(2) requires a pleading to present a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  Thus, a pleading that does not satisfy Rule 8 is subject to dismissal under Rule 12(b)(6).  Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988).

   "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted).  Although this does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009).  A sufficiently-pled claim must be "plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-7604 ABC (JCGx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | Patricia Alejandro v. Quality Loan Service Corp et al | | JS - 6 |

is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, allegations of fact are taken as true and are construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

The first step in determining whether a claim is sufficiently pled is to identify the elements of that claim. See Iqbal, 555 U.S. at 675. The court should then distinguish between the pleading's allegations of fact and its legal conclusions: a court "must take all of the factual allegations in the complaint as true," but should not give legal conclusions this assumption of veracity. Iqbal, 556 U.S. at 678. The court must then decide whether the pleading's factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. The court may not consider material beyond the pleadings other than judicially noticeable documents, documents attached to the complaint or to which the complaint refers extensively, or documents that form the basis of the claims. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

### III. DISCUSSION

All of Plaintiff's claims arise out of the foreclosure of her home (the "Property"). None of Plaintiff's claims overcome the Motion.

First, Plaintiff failed to respond to Defendant's arguments that her claim for fraud (second cause of action) fails because it is not pled with the requisite specificity, and that her claims for slander of title (fourth cause of action), unjust enrichment (fifth cause of action), unfair business practices (sixth cause of action), violations of the Rosenthal Act (seventh cause of action), quiet title (eighth cause of action), declaratory relief (ninth cause of action), and injunctive relief (tenth cause of action) fail either because they are inadequately pled or because a trustee, like QLS, cannot be held liable under such claims for foreclosure-related harms. The Court deems Plaintiff's failure to respond to these arguments as conceding that the claims fail. The Court also finds that QLS's arguments are meritorious. As such, the Motion is granted with respect to claims 2 and 4-10.

Plaintiff's remaining claim against QLS is for wrongful foreclosure (third cause of action). A borrower wishing to challenge a foreclosure sale must make an unconditional tender of the entirety of the secured debt, in good faith, and with the ability to pay. Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 578-580 (1984); Karlsen v. Am. Sav. & Loan Assoc., 15 Cal.App.3d 112, 117 (1971). A complaint that attacks the validity of a foreclosure sale but does not allege a proper tender fails to state a cause of action . Karlsen, 15 Cal.App.3d at 117. The Complaint does not allege that Plaintiff is or was ready, willing, and presently able to pay the full debt owing to redeem the Property. As a result, Plaintiff has not stated a cause of action to set aside the foreclosure. Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996). In her Opposition, Plaintiff states that she is ready, willing, and able to make monthly payments. See Opp'n 4:26-5:1. Tendering monthly payments is not, however, a full tender of the entirety of the secured debt, so it does not satisfy the tender requirement. As such, Plaintiff has failed to make full tender and cannot challenge the foreclosure of the Property.

Plaintiff's counter-argument that tender is not required because the trustee's sale was void (not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-7604 ABC (JCGx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | Patricia Alejandro v. Quality Loan Service Corp et al | | JS - 6 |

merely voidable) is unavailing.  Plaintiff contends that the foreclosure was void because QLS was never properly substituted as a trustee under the deed of trust and therefore did not have standing to cause the foreclosure.  See Opp'n 5:28-6:8.  Plaintiff does not explain why, exactly, she believes QLS was never properly substituted, nor does she direct the Court to the relevant allegations in her lengthy Complaint.  However, the allegations that can be gleaned from the Complaint do not demonstrate that the foreclosure was void.  Plaintiff may be basing this argument on the allegation that none of the Defendants were in possession of the promissory note.  See Compl. ¶¶ 35, 63-68, 84.  However, California courts have held that nothing in California's nonjudicial foreclosure framework requires the foreclosing beneficiary to be in possession of the original note in order to foreclose.  See Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal.App.4th 433, 440 (2012).  Plaintiff alleges that the Defendants did not record a proper chain of assignments (see Compl. ¶¶ 73-78, 85), but California law does not require deeds of trust to be recorded before the trustee can commence foreclosure proceedings.  Calvo v. HSBC Bank USA, N.A., 199 Cal. App. 4th 118, 122-126 (2011).  Plaintiff also alleges that the substitution of trustee is invalid because it was robo-signed (see Compl. ¶ 12), but that conclusory allegation is not sufficient to lift Plaintiff's theory from speculative to plausible.  See Chua v. IB Prop. Holdings, LLC,  2011 WL 3322884 *2 (C.D. Cal. 2011).  Accordingly, Plaintiff's claim for wrongful foreclosure fails because she failed to make full tender as required to pursue this claim.

Although Plaintiff asks for leave to amend the Complaint to cure any deficiencies, none of the deficiencies noted above can be cured by amendment. As such, amendment would be futile, so the Complaint will be dismissed without leave to amend.

## CONCLUSION

For the foregoing reason, Defendant's Motion to Dismiss is hereby **GRANTED**.  Plaintiff's Complaint is **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | AB | |